**David B. Penniman, Appellant, v. Frank I. Bennett, Director of Public Works and Buildings of State of Illinois et al., Appellees.**

### Gen. No. 6,902.

1.  ROADS AND BRIDGES—*bids for use of patented articles, materials or processes in construction of roads.* The act of 1919 (Cahill's Ill. St. ch. 121, ¶ 227), known as House Bill No. 86, in relation to the use of patented articles, materials and processes for constructing and maintaining roads and streets, permits the Department of Public Works and Buildings to call for bids for the use of such patented articles, materials or processes upon plans and specifications formulated by the bidders.

2. ROADS AND BRIDGES—*bids for use of patented and unpatented articles and materials in building hard roads.* The provisions of section 7 of the Hard Roads Act (Cahill's Ill. St. ch.121, ¶ 189) and of the act of 1919 (Cahill's Ill. St. ch. 121, ¶ 227), known as House Bill No. 86, are *in pari materia* and effect should be given to both in construing the law relating to contracts for the building of hard roads, and the provisions of both may be carried out at the same time by receiving bids, both for the use of articles and materials which are patented and for the use of those which are not patented, the latter to be on forms provided by the Department of Public Works and Buildings and the former upon specifications formulated by the bidder.

3. STATUTES—*when statutes in pari materia and to be construed together.* Statutes which are not inconsistent with each other and which relate to the same subject-matter are *in pari materia* and should be construed together and effect given to both though they contain no reference to each other and were passed at different times.

Appeal from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the December term, 1920. Affirmed. Opinion filed February 23, 1922.

H. S. HICKS, for appellant.

EDWARD J. BRUNDAGE and E. D. REYNOLDS, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

The Department of Public Works and Buildings of the State of Illinois, acting under the provisions of what is known as the Hard Roads Act, let a contract to the Granite Bituminous Paving Company of St. Louis for the construction of a section of hard road on what is known as the Granite Highway in the township of Winnebago, county of Winnebago, Illinois. Section 7 of the Hard Roads Act (Cahill's Ill. St. ch. 121, ¶ 189) requires that all roads shall be constructed in strict accordance with plans, specifications, estimates of cost and contracts of the department. The Hard Roads Act was passed by the legislature in 1917. In 1919 an Act entitled "An Act in relation to

the use of patented articles, materials and processes for constructing or maintaining roads and streets in counties, cities, towns, villages, townships and districts" was duly passed and approved. (Cahill's Ill. St. ch. 121, ¶ 227.) This act was known as House Bill No. 86 and shall be hereinafter referred to by that number instead of its title. Said House Bill No. 86 provides as follows: "That any article, material or process covered by Letters Patent granted by the United States government may be specified and used for constructing or maintaining any proposed public highway, road or street or section thereof, whether built by the State or by any county, city, town, village, township or district: *Provided* that said specifications are drawn so as to provide for an alternative method or methods of construction so that competition may be had between different types of materials, answering the same general purpose."

On July 13, 1920, said Department of Public Works and Buildings called for bids on the section of road above mentioned. The notice to the contractors invited bids on, first, Portland Cement Concrete; and second, Monolithic brick with detailed plans, specifications and estimates of cost, and in addition thereto by section 427 of said specifications, provided that: "Whenever a bidder wishes to submit a proposal for any type of bituminous concrete wearing course, patented or otherwise, other than covered by these specifications, the bids shall be submitted on the standard proposal form, furnished by the Department of Public Works and Buildings, with the name of the pavement and price per square yard, including both the pavement surface and the concrete base course or other base course, as specified in the plans, inserted in the blank spaces provided by items 46 and 47 under 'Prices.' Such a bid must be accompanied by detailed specifications for such wearing courses."

Subsequent to the letting of the aforesaid contract

appellant filed his bill herein to test the lagality of the method adopted by the Department of Public Works and Buildings of inviting bids on patented types of paving to be used in the construction of the system of State highways. The bill prayed for an injunction to restrain the defendants from making any contract with said Granite Bituminous Paving Company in compliance with their said proposal. A demurrer was filed to the bill and this demurrer was sustained. The court thereupon entered a decree dismissing the bill for want of equity. Appellant claims that the provisions of section 7 of the Hard Roads Act above noted requires that all roads shall be constructed in strict accordance with plans, specifications, estimates of cost and contracts of the Department of Public Works and Buildings, and that in letting the above-mentioned contract the said department did not promulgate any plans, specifications, etc., for the material which is to be used under its contract with said Granite Bituminous Paving Company, but, to the contrary, permitted the said company to furnish its own specifications in violation of the law. The appellant contends that the Hard Roads Act and House Bill No. 86 are *in pari materia* and that the provisions of section 7 of the Hard Roads Act are in no wise altered by the provisions of House Bill No. 86, so that the department was required to promulgate the plans, specifications, estimates of cost and contracts for said work.

The appellees concede that the two acts are *in pari materia* but insist that House Bill No. 86 broadens the powers of the Department of Public Works and Buildings to the extent that in the construction or maintenance of any proposed public highway, it may use any article, material or process covered by Letters Patent which was not permitted by the so-called Hard Roads Act and that said House Bill No. 86 does not require that the plans, specifications, estimates of

cost and contracts shall be promulgated by the department where the use of any article, material or process covered by Letters Patent is contemplated and further that to require such promulgation of plans, specifications, etc., would render unavailing the provisions of House Bill No. 86 because of the necessity of a multitude of such plans, specifications, etc., to cover every article or material which might be used.

We are of the opinion that under the Hard Roads Act and before the passage of House Bill No. 86, such a letting of contracts as was here made by the Department of Public Works and Buildings was not permitted but that the legislature intended to liberalize the letting of contracts by permitting the department to make use of valuable materials which are patented and which under the law as it then existed could not be specified by the department. Therefore, House Bill No. 86, above set forth, was enacted and it expressly permits the use of articles, materials and processes covered by Letters Patent and further permits the department to call for bids for the use of such patented article, material or process upon plans, specifications, etc., formulated by the bidder under conditions set forth therein.

The rule of the department known as section 427 of the specifications of July 13, 1920, providing for the submission of bids upon forms supplied by the department but upon specifications promulgated by the bidder, is based upon said subsequent act of the legislature and is in harmony with it. The two acts of the legislature are *in pari materia* and effect should be given to both of them in construing the law relating to contracts for the building of hard roads. The provisions of section 7 of the Hard Roads Act as applied to the methods of construction provided for in that act may be fully carried out while at the same time the provisions of House Bill No. 86 may be carried out, thus permitting competition in the use of articles not

patented and those which are patented. Giving effect to both of the acts, the department is authorized to receive bids on articles and materials which are not patented, and those which are patented. If the bid contemplates the use of articles and materials not patented, the bidder must use the forms provided by the department. But if the bid contemplates the use of patented article or materials, the bidder must formulate and provide the specifications therefor. The department is thus enabled to obtain the best results from competitive bidding.

The two acts are essential to a proper program of hard road construction and are not to be considered inconsistent with each other. Statutes which are not inconsistent with each other and which relate to the same subject-matter are *in pari materia* and should be construed together and effect be given to them, although they contain no reference to one another and were passed at different times. *South Park Com'rs v. First Nat. Bank of Chicago*, 177 Ill. 234. It follows then that the decree dismissing the bill for want of equity must be affirmed.

*Decree affirmed.*